**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: ESTATE OF JAQUELINE ANNE KLEIN, DECEASED | § § § | |
| | § | |
| MELVIN KLEIN, Individually | § | |
| *Plaintiffs*, | § § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:24-cv-00157 |
| | § § § | |
| EUGENE KATZ a/k/a GENE KATZ, | § § | |
| *Defendant*. | § § | |

<u>**PLAINTIFF'S MOTION TO REMAND**</u>

Plaintiff, Melvyn Klein ("**Plaintiff**"), files this *Plaintiff's Motion to Remand* and respectfully shows the Court the following:

### I.    REQUESTED RELIEF

Plaintiff requests this Honorable Court remand the above-referenced proceedings (the "**Estate Lawsuit**") to the County Court at Law, No. 1 of Nueces County, Texas (the "**State Probate Court**") and award attorneys' fees, expenses, and costs associated with being forced to move for remand.

### II.    SUMMARY OF ARGUMENT

Defendant wrongfully removed the Estate Lawsuit pending in State Probate Court even though it falls squarely within the "probate exception" to federal subject matter jurisdiction, which reserves to state courts jurisdiction over disputes involving a probate matter and the disposition of assets that are subject to a probate court's control. *Marshall v. Marshall*, 547 U.S. 293, 311–12

1

(2006). The Estate Lawsuit is part of an ongoing dispute related to the disposition of assets belonging to the Estate of Jacqueline Anne Klein, Deceased (the "**Estate**"), and the prosecution of claims by the Estate against Defendant Eugene Katz. The Estate Lawsuit also includes individual causes of action asserted by Plaintiff for defamation damages, though such claims cannot be severed from the Estate Lawsuit in order to confer jurisdiction to this Federal Court.  In other words, "the tail cannot wag the dog."

Defendant's wrongful removal of the entire Estate Lawsuit—lock, stock & barrel— violates the "probate exception" and requires remand of the Estate Lawsuit to the State Probate Court.  Holding otherwise would require this Federal Court to decide matters over which the State Probate Court has exclusive jurisdiction including, for example, supervising Plaintiff in his capacity as Temporary Administrator, auditing and approving the final accounting, and determining the distribution of assets belong to the estate.   Notwithstanding that the entire proceeding must be remanded to the State Probate Court, Defendant waived his right to seek removal by entering his appearance in the Estate Probate Court, seeking affirmative relief, and participating in disputed matters for months before seeking removal.

### III.   BACKGROUND

Plaintiff's daughter, Jacqueline Anne Klein ("**Decedent**") died on February 12, 2024 ("**Decedent's DOD**") in Corpus Christi, Nueces County, Texas. The Estate was opened when Plaintiff filed his *Application for Declaration of Heirship and for Letters of Co-Administration* on February 14, 2024 invoking the original probate jurisdiction of the State Probate Court (the "**Probate Matter**") in Cause No. 2024-PR-00104-1 (the "**Estate Cause**"). Dkt. 1-3, pp. 2-7. Administration of Decedent's Estate began just two days later, when Mel was appointed as the Temporary Administrator ("**Temporary Administrator**") by the State Probate Court in its *Order*

*Appointing Temporary Administrator*, signed on February 16, 2024. Dkt. 1-4, pp. 2-5.   After considering his statutory obligation to pursue non-frivolous, reasonably collectible claims owned by the Estate,[1] the Temporary Administrator delegated all rights to pursue such claims to himself in his individual capacity. Mel, individually, then started the Estate Lawsuit when he filed the *Original Petition to Declare Marriage Void, Suit for Defamation, Other Claims and for Damages* (the "***Original Petition***") against Defendant in the Probate Matter seeking damages owned by the Estate and damages of his own.   Dkt. 1-1, pp. 2-98. The *Original Petition* also seeks to recover estate assets which are fundamentally within the State Probate Court's jurisdiction.[2] *Id*.

On July 15, 2024, Defendant removed the entire Probate Matter—including the Original Petition—to this Court as a single "civil action" under 28 U.S.C. § 1441(a). Dkt. 1-1. However, because the Probate Matter clearly involves the administration of Decedent's Estate and the disposition of probate assets, the entire civil action must be remanded to the State Probate Court pursuant to the probate exception to federal subject matter jurisdiction. *Marshall*, 293 U.S. at 305–06.   In addition, even if the probate exception did not exist, Defendant waived his right to remove the Probate Matter to Federal Court by substantially invoking the jurisdiction of the State Probate Court and seeking affirmative relief on the claims pending the Probate Matter. *See Demco, Inc. v. Employers Cas. Co.*, 792 F.2d 478, 482 (5th Cir. 1986) ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."). Because the entire Probate Matter (everything filed in the Estate Cause) must be removed or none of it can be and because this is a probate matter that falls squarely within the "probate exception" this Court lacks jurisdiction over this case, and because

---

[1] If there is a reasonable prospect of collecting the claims or recovering the property of an estate, the personal representative of the estate shall use ordinary diligence to: (1) collect all claims and debts due the estate; and (2) recover possession of all property to which the estate has claim or title. TEX. EST. CODE §351.151(a).
[2] TEX. EST. CODE §31.001 and TEX. EST. CODE §31.002.

Defendant waived all right to remove the Probate Matter to Federal Court before the removal, the entire civil action must be remanded to the State Probate Court.

### IV.    ARGUMENT & AUTHORITIES

Federal courts have limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Furthermore, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

By contrast, the State Probate Court is vested with original jurisdiction in probate proceedings. TEX. ESTATES CODE §32.001(b) ("All probate proceedings must be filed and heard in a court exercising original probate jurisdiction . . . the entire proceeding is a proceeding *in rem*"); TEX. GOV'T CODE §25.1802 (A county court at law in Nueces County has concurrent jurisdiction with district courts in disputes ancillary to probate proceedings). Here, the claims asserted in the *Original Petition* against Defendant in the Probate Matter pending in State Probate Court are claims statutorily defined as "Probate Proceedings" and "Matters Related to Probate Proceedings" by the Texas Estates Code. *See* TEX. ESTATES CODE §§ 31.001 ("The term 'probate proceeding,' as used in this code, includes: ". . . (2) the issuance of letters testamentary and of administration; (3) an heirship determination or small estate affidavit. . . .; (6) the settling of a person representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate."); TEX. EST. CODE §31.002(a)(3), (6) (defining matters related to probate proceeding as including a claim brought by a personal representative on behalf of an estate, and

an action for trial of the right of property that is estate property). Regardless, because the entire Estate administration, heirship and the "settlement, partition, and distribution" of the Estate is implicated, all attempts to remove the *Original Petition* necessarily requires the removal of the *entire* civil action, which in this case includes the entire Probate Matter and is prohibited. *See* 28 U.S.C. § 1441(a); *Marshall v. Marshall*, 547 U.S. at 305–06.

**A.     28 U.S.C. § 1441(a) only permits removal of an entire civil action.**

Under the applicable removal statute, "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by a defendant[.]" 28 U.S.C. §1441(a) (emphasis added). Courts construing the term "civil action" in § 1441(a) have considered it to be quite broad, and disallow removal of one piece of a state court action that, they reason, brings the entire action and all parties to federal court with the claim or complaint that a defendant wishes to remove. *See Mid-Century Ins. Co. v. Philadelphia Indemn. Ins. Co.*, No. 3:11-CV-2835-N, 2012 WL12358929, at *18 (N.D. Tex. June 12, 2012) (holding that "the term 'civil action' in section 1441(a) encompasses an entire state-court action rather than merely one third-party complain"). In other words, while a defendant's ability to remove a case is based on individual claims, the defendant must remove the entire proceeding if he is going to remove any of it. *Jackson v. Wal-Mart Stores Texas, LLC*, 925 F. Supp. 2d 810, 813 (N.D. Tex. 2013). This is in line with both the general removal statute, 28 U.S.C. §1441, and other similar statutes. *See, e.g., Dillon v. Mississippi*, 23 F.3d 915, 918 (5th Cir. 1994) (finding Westfall Act removal speaks of removal of entire action); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) (Section 1441(d) removal is for entire action); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437 (5th Cir. 1984) (construing 28 U.S.C. § 1442(a)(1) as mandating removal of "entire case").

Consistent with this legal precedent, Defendant's Notice of Removal purports to remove the **entire civil action** pending in the *State Probate Court*, including each of the various proceedings pending in the Probate Matter as referenced in Exhibit 3 to the Notice of Removal as follows:

1. *Application for Declaration of Heirship and for Letters of Co-Administration* filed in the Probate Matter on 2/14/2024;

2. *Application to Annul Marriage and Declare Marriage Void Pursuant to Estates Code Section 123.102* filed in the Probate Matter on 2/16/2014;

3. *Counter-Application to Determine Heirship and for Issuance of Letters of Administration* filed in the Probate Matter on 3/11/2024;

4. *Original Answer to Application to Void Marriage Pursuant to Texas Estates Code Section 123.102* filed in the Probate Matter on 3/12/2024;

5. *Amended Application to Annul Marriage and Declare Marriage Void Pursuant to Estates Code Section 123.102 and Request for Temporary Injunction* filed in the Probate Matter on 4/2/2024;

6. *Second Amended Application to Annul Marriage and Declare Marriage Void Pursuant to Estates Code Section 123.102 and Request for Temporary Injunction* filed in the Probate Matter on 4/18/2024;

7. *First Amended Answer to Application to Application to Void Marriage Pursuant to Texas Estates Code Section 123.102* filed in the Probate Matter on 5/28/2024; and

8. *Original Petition to Declare Marriage Void, Suit for Defamation, Other Claims and For Damages* filed in the Probate Matter on 6/24/2024.

Because the above-referenced proceedings filed **in the Probate Matter in the Estate Cause** constitute a single civil action, the Court must remand the entire Probate Matter to the State Probate Court even if it would otherwise have jurisdiction over one or more individual causes of action that may emanate outside, albeit "related to," the Probate Matter because the probate exception to federal jurisdiction prevents any other result. *See In re Estate of Brown v. Siper*, 650 F.Supp.3d 515, 518 (S.D. Miss. 2023) (holding that defendant could not remove supplemental

proceeding filed as part of estate matter because the entire estate matter constituted a single "civil action" pursuant to 28 U.S.C. §1441).

**B.      The Probate Matter clearly falls within the probate exception to federal jurisdiction.**

In *Marshall*, the Supreme Court explained that although the Judiciary Act of 1789 gave federal courts diversity of citizenship jurisdiction over "all suits of a civil nature at common law or in equity" that met certain requirements, courts have consistently interpreted that phrase to exclude probate matters. 547 U.S. at 305–06. The probate exception provides:

> [A] **federal court has no jurisdiction to probate a will or administer an estate** . . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees, and heirs" and other claimants against a decedent's estate "to establish their claims" **so long as the federal court does not interfere** with the **probate proceedings** or **assume general jurisdiction of the probate** or **control of the property in the custody of the state court**.

*Markham v. Allen*, 326 U.S. 490, 494 (1946) (emphasis added). The probate exception applies if either (1) the dispute involves a **probate matter**; or (2) the dispute involves the disposition of **assets that are subject to a probate court's control**. *Marshall*, 547 U.S. at 305–06. Further, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. *Marshall*, 547 U.S. at 311. The Supreme Court has held that while the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *Id.* at 311–12.

1.      <u>*The Probate Matter is one civil action subject to the probate exception to federal jurisdiction.*</u>

The Texas Estates Code provides in § 32.001(a) that "[a]ll probate proceedings must be filed and heard in a court of original probate jurisdiction" and "[t]he court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as

specified in Section 31.002."  In addition, Section 32.001(d) provides that "[t]he administration of the estate of a decedent, from the filing of the application for probate and administration, or for administration, until the decree of final distribution and the discharge of the last personal representative, shall be considered as one proceeding for the purposes of jurisdiction" and that "[t]he entire proceeding is *in rem*."

Here, the Probate Matter includes pleadings which fall directly within the following statutory definitions of a "probate proceeding" and/or "matters related to probate proceeding":

      i.     The issuance of letters testamentary and of administration;

      ii.    Claims by a personal representative on behalf of an estate;

     iii.    An heirship determination; and

     iv.    An action for trial of the right of property that is estate property.

TEX. ESTATES CODE §§ 31.001(2), (3), 31.002(3), (6).

Per the express provisions of the Texas Estates Code, all of the probate pleadings "shall be considered as one proceeding for the purpose of jurisdiction." *Id*. at § 31.001(d).  Specifically, the State Probate Court began exercising jurisdiction over probate issues in February 2024 when the *Application for Declaration of Heirship and Letters of Co-Administration* was filed. TEX. ESTATES CODE § 32.001(d); Dkt. 1-3, pp. 2-7.  The State Probate Court's jurisdiction continues because, among other things, Plaintiff and Defendant have not been discharged by the Court. TEX. ESTATES CODE § 32.001(d); Dkt. 1-4. Also, the *Original Petition* is part of the same "one proceeding" that the State Probate Court is supervising as part of the Probate Matter.  And the entire Probate Matter is a proceeding *in rem* which extends to all probate proceedings and matters related to the estate. *See* TEX. ESTATES CODE §§ 32.001(d), 31.002(a)(1), (3), (6). Accordingly, disposition of the claims asserted in the *Original Petition* would require this Court to assert *in rem* jurisdiction over

estate property. *See Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) ("The federal court cannot exercise *in rem* jurisdiction over a res in the custody of another court.").

Second, the Texas Estates Code provides that, "[t]he term 'probate proceeding,' as used in this code, includes: . . . (2) the issuance of letters testamentary and of administration; (3) an heirship determination or small estate affidavit, community property administration, and homestead and family allowances; . . . and (6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate. TEX. ESTATES CODE § 31.001. Defendant's Notice of Removal includes an *Application for Declaration of Heirship and Letters of Co-Administration*, which is subject to the probate exception. *See Vanderburg v. Vanderburg*, Civil Action No. 7:07-CV-048, 2007 WL 1342091, at *1 (N.D. Tex. 2007) (concluding that determination of heirship is "clearly within the province of the probate court"); *see also Balestra v. Balestra-Leigh*, 2010 WL 2836400, at *4 (D. Nev. July 15, 2010) (declining jurisdiction because a "determination of heirship and rights in distribution of an estate is clearly at the core of a probate court's functions"). Moreover, the claims asserted on behalf of Decedent's Estate include the distribution of assets of the estate, as well as the issuance of letters of administration—both of which are statutorily defined probate proceedings over which this Court lacks jurisdiction.

The Texas Estates Code further provides that the term "Matters Related to a Probate Proceeding" includes, in relevant part: "(a)(1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative; . . . (3) a claim brought by a personal representative on behalf of an estate; . . . (6) an action for trial of the right of property that is estate property." TEX. ESTATES CODE §31.002(a)(1), (3), (6). The Probate Matter satisfies each of these requirements. Plaintiff was

named the Temporary Administrator of Decedent's Estate on February 16, 2024. Dkt. 1-4, pp. 2-5. As Temporary Administrator, Plaintiff delegated the authority he possessed under the State Probate Court's Order appointing him the personal representative of Decedent's Estate to himself individually to pursue claims on behalf of the estate in the Original Petition. *See* TEX. ESTATES CODE §31.002(a)(3). Dkt. 1-4, pp. 2-5.

Based on the foregoing, the Probate Matter—including the Original Petition—falls squarely within the statutory definition of a probate proceeding by which the State Probate Court has exclusive jurisdiction to determine ownership and disposition of the assets of Decedent's Estate. As such, the probate exception precludes this Court from exercising jurisdiction over Decedent's Estate, and the Probate Matter must be remanded back to the jurisdiction of the State Probate Court. *Marshall*, 547 U.S. at 311–12; *Curtis*, 704 F.3d at 409; *see Davis v. Chase Home Fin., LLC*, No. 1:11-CV-470, 2012 WL12883313, at *3 (S.D. Miss. Apr. 18, 2012) (conceding that removal of the entire estate would be precluded by the probate exception).

2.    *The Original Petition itself falls within the Probate Exception to Federal Jurisdiction.*

Even if it had been filed separately from the Probate Matter, the Original Petition itself is subject to the probate exception and must be remanded to the State Probate Court.

More specifically, in the Original Petition, Plaintiff asserts claims individually and as the Temporary Administrator of Decedent's Estate with "statutory authority to file and pursue the claims of the Estate."  Dkt. 1-1, page 3.  Indeed, the *Original Petition* expressly states that "this matter is a 'probate proceeding' and a matter 'related to' a probate proceeding" pursuant to Texas Estates Code sections 31.001 and 31.002. Dkt. 1-1, p. 3. In addition to seeking individual damages, the *Original Petition* seeks relief on behalf of the Decedent's Estate including (1) to invalidate the purported marriage between Decedent and Defendant based on fraud, lack of mental capacity and

undue influence, (2) to recover damages by Decedent's Estate for negligence and gross negligence, (3) to recover damages by Decedent's Estate for pain and suffering along with physical and mental abuse and reputational damage incurred by the Decedent; (4) to recover damages by Decedent's Estate along with return of assets belonging to the estate based on fraud, (5) to recover damages by Decedent's Estate for negligent misrepresentation, (6) to recover damages by Decedent's Estate along with return of assets belonging to the estate for breaches of fiduciary duty owed to Decedent, (7) to obtain turnover of personal property belonging to Decedent's Estate, (8) to recover damages by Decedent's Estate along with return of assets belonging to the estate based on mismanagement and misapplication of the Decedent's property; (9) to recover damages by Decedent's Estate along with return of assets belonging to the estate based on violations of the Texas Theft Liability Act, and (10) to recover damages by Decedent's Estate along with return of assets belonging to the estate based on violations of the Texas Penal Code.  Dkt. 1-1, pp. 2-98.

The claims asserted in the *Origination Petition* on behalf of Decedent's Estate fall squarely within the statutory definition of "probate proceeding," which includes "any other matter related to the settlement, partition, or distribution of an estate" as well as "an action for trial of the right of property that is estate property." TEX. ESTATES CODE § 31.001. As such, the State Probate Court has original jurisdiction over the claims asserted in the Original Petition. *Id*. at § 31.002. And this Court would necessarily "interfere with pending probate proceedings in a state court or controlling property in the custody of a probate court" if it attempted to exercise jurisdiction over those claims instead.  *Lemery v. Ford Motor Co.*, 205 F. Supp 2d 710, 712 (S.D. Tex. 2002) (citing *Markham*, 326 U.S. at 494).  For these reasons, remand would be required even if the *Original Petition* had been filed outside the Probate Matter.  *See Estate of Brown*, 650 F. Supp.3d at 519 (holding that supplemental complaint removed to federal court along with underlying probate matter sought

recover of funds which would become assets of the estate and thus fell within the probate exception to federal jurisdiction).

3.    _The entire action must be remanded._

As this Court lacks subject matter jurisdiction over the Probate Matter, the case must be remanded in its entirety. In the Fifth Circuit, if a court lacks jurisdiction over any part of a claim, the entire case must be remanded. *See, e.g., Jackson*, 925 F. Supp. 2d at 812 ("The Court concludes that, under a plain reading of the statute's text, the phrase 'civil action' refers to an entire case rather than separate causes of action within the case.").

The Northern District of Texas has provided a thorough analysis on the requirement of remanding an entire case when non-removable claims are present:

> [T]his Court's jurisdiction is based solely on diversity grounds and this action was removed pursuant to § 1441(a). Under § 1441(a), if Congress expressly provides, removal may be limited. A workers' compensation retaliation claim, such as the one here, is one such type of claim that prevents removal of the civil action under § 1445(c). *Sherrod [v. Am. Airlines]*, 132 F.3d 1117 [(5th Cir. 1998)]. A "civil action" is the entire case, not merely an individual claim. Severance and remand of the nonremovable claim is appropriate only when the district court's jurisdiction is based on a federal question; there is no such provision when the court's jurisdiction is based on diversity. 28 U.S.C. § 1441(c). Thus, because § 1441(c) is inapplicable to diversity jurisdiction cases, this civil action, in its entirety, must be remanded to County Court at Law No. 4 of Dallas County, Texas.

*Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2013). The same is true here. Defendant's removal of the Probate Matter, the Estate Cause, the Estate Lawsuit and *Original Petition* is based on Section 1441(a) and diversity jurisdiction. Because this Honorable Court, at a minimum, lacks original jurisdiction over some portion of the removed action and a partial removal of some but not all the claims is not available—meaning this Honorable Court is without authority to sever and remand individual claims from the non-removable Probate Matter—the entire civil action must be remanded to the State Probate Court. *See Marshall*, 547 U.S. at 312.

C.    **Defendant waived his right to remove the Probate Matter.**

The Fifth Circuit has held that defendants may waive their right to removal by taking substantial action in state court indicating an intent to submit the case to the jurisdiction of that court. *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F.Supp. 2d 885, 889 (S.D. Tex. 2003). In deciding the issue of waiver, courts look to whether the defendant has acted in state court simply for the purpose of preserving the status quo, or whether the defendant has manifested an intent to litigate the merits of the claim. *Jacko v. Thorn Americas Inc.*, 121 F.Supp. 2d 574, 576 (E.D. Tex. 2000).).

In this case, Defendant intentionally and affirmatively subjected himself to jurisdiction in the State Probate Court by filing pleadings, denying and defending allegations, by filing numerous pleadings seeking his own affirmative relief, seeking recusal of the sitting Judge, and litigating the case for several months until he was sued by Plaintiff.  In doing so, Defendant waived his right to remove to federal court by seeking affirmative relief in State Probate Court. *Demco, Inc. v. Employers Cas. Co.*, 792 F.2d 478, 482 (5th Cir. 1986). In fact, from the time Plaintiff invoked the State Probate Court's original jurisdiction until the time Plaintiff filed his *Original Petition* within the Probate Matter, Defendant expressed every intention to litigate all claims and matters in the State Probate Court. For example, on March 11, 2024, Defendant filed his own *Counter-Application to Determine Heirship and for Issuance of Letters of Administration* ("Counter-Application") in the State Probate Court which included (i) a general denial of the Application to Annul; (ii) a request that the Court find Defendant was an heir of Decedent as her surviving spouse; (iii) a request that the Court appoint him as the administrator of Decedent's Estate; (iv) a confirmation Defendant filed a *Motion to Appoint an Attorney Ad Litem*; and (v) a confirmation Defendant had appointed Russell Aldrich, a Texas attorney, as his resident agent to receive service on his behalf. Dkt. 1-3, pp. 11-17.

On April 22, 2024, Defendant filed an *Emergency Motion to Modify Order Continuing Temporary Administration filed on March 26, 2024, Based on New Evidence, Breach of Fiduciary Duty and Fraud* which against requested that Plaintiff be removed as Temporary Administrator and that the State Probate Court "fine Melvyn Klein for the fraud and perjury, and award Eugene the proper amount, so that he can afford lawyers against Melvyn and Annette Klein." *See **Exhibit A***.

On April 22, 2024, Defendant filed a *Motion to Dismiss the Second Amended Application to Annul Marriage and Declare Marriage Void Pursuant to Estates Code Section 123.102 and Request for Temporary Injunction, and if not, a Continuance for the Hearing* which sought, *inter alia*, to "dismiss with prejudice the Second Amended Application to Annul Marriage and Declare Marriage Void Pursuant to Estates Code Section 123.102 and Request for Temporary Injunction" and "Remove Melvyn Klein as Temporary Administrator, and place Eugene Katz as the Permanent and/or Special Administrator." *See **Exhibit B***.

 On April 30, 2024, Defendant filed a *Motion to Recuse Judge Robinson and Motion for a Hearing on the Recusal, as Well as Removal of Temporary Administrator, Based on New Evidence, Breach of Fiduciary Duty and Fraud, and Criminal Referral of Temporary Administrator* which sought to recuse the judge of the State Probate Court based on wild allegations that "5 men who had tattoo'd faces . . . were brought into the Court to intimidate Eugene Katz and the witnesses that came to testify." *See **Exhibit C***.  In connection with this Motion, Defendant also asked that Plaintiff be recused as Temporary Administrator based on allegations that he "stood up while Eugene Katz was making opening arguments and told the 5 men in the open courtroom to 'break his arms' and 'kill him' referring to Eugene Katz." *Id*.  Defendant's motion to recuse Judge Robinson was denied on May 1, 2024.  Dkt. 1-4, p. 21. The affirmative relief sought by Defendant

in the Probate State Court before ever even attempt to remove the Probate Matter into this Court is further summarized in the attached ***Exhibit D***.

After his attempts to adjudicate the merits of the Probate Matter and recuse the Judge in the State Probate Court failed, Defendant removed the entire Probate Matter to this Court. Allowing Defendant to do so would violate the purpose of the waiver doctrine, which is designed to prevent a party from "using removal as an insurance policy against unfavorable treatment in state court." *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 745 (S.D. Tex. 2021). Because Defendant clearly manifested "an intent to litigate the merits of the claim" in the State Probate Court, he waived his right to remove and the Probate Matter should be remanded on that basis alone. *Id.*

By filing the cited referenced pleadings and seeking the referenced affirmative relief, Defendant sought substantive relief from the State Probate Court in an effort to resolve the merits of claims pending in the Probate Matter and, thereby, waived his right to remove the Probate Matter. *See La Mirage Homeowners Ass'n, Inc. v. Colony Ins. Co.*, No. 2:18-CV-283, 2018 WL 6599406, *8 (S.D. Tex. 2018) ("A defendant may waive the right to remove a case to federal court by taking substantial action that indicates that the defendant has submitted to the state court's jurisdiction.").

**D.    Attorneys' Fees**

Under 28 U.S.C. §1447(c), this Honorable Court is permitted to award fees and costs incurred in federal court that would not have been incurred had the case remained in state court when the removing party lacks an objectively reasonable basis for the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The appropriate test for awarding fees should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on

the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter when the statutory criteria are satisfied. *Id.* at 140.

In this case, the overwhelming weight and controlling law indicates that there was no reasonable basis to remove the Probate Matter, the Temporary Administration, the heirship proceeding, the spousal dispute and the entire administration of Decedent's Estate to this Court given the clear and express precedent from the United States Supreme Court. *See Marshall*, 547 U.S. 293; *Markham*, 326 U.S. 490. Despite the pleadings demonstrating that this case involves competing applications for heirship, competing applications for letters of administration, causes of action to recover and collect estate assets and property, and causes of action asserted on behalf of Decedent's Estate, Defendant still removed this action. Consequently, under 28 U.S.C. § 1447(c), Plaintiff is entitled to attorneys' fees, expenses, and costs incurred by Plaintiff being forced to address Defendant's baseless removal.

## V.    CONCLUSION

In this case, the probate exception requires remand of the Probate Matter to the State Probate Court because: (**i**) the Probate Matter plainly and inherently involves the administration of Decedent's Estate (*in rem* jurisdiction over the Estate property, appointment of a personal representative appointment and supervision of the administration, including auditing and approving accountings and the final account, discharging the personal representative and his bond, assimilation, settling, partition and ultimate distribution of the Estate, pursuing Estate claims, among many other matters that are inherently probate related), and (**ii**) even if it could be severed from the Probate Matter, the *Original Petition* itself includes claims that seek to recover damages and property belonging to Decedent's Estate and thus also falls within the scope of the probate exception and (**iii**) after ample opportunity to remove the case if he believe diversity jurisdiction

prevailed, Defendant filed numerous pleadings seeking affirmative relief in the State Probate Court and waived his right to require removal now and (**iv**) attorneys' fees, expenses and costs should be awarded against Defendant.

## VI.   PRAYER

Plaintiff requests the Court grant this Motion to Remand; remand this entire proceeding back to the State Probate Court; award fees, expenses, and costs incurred in connection with this Motion to Remand; and grant all other and further relief, at law or in equity, to which he may be justly entitled.

Date: August 30, 2024

Respectfully submitted,

**SPENCER, JOHNSON & HARVELL, PLLC**

By:     */s/ R. Kevin Spencer*
**R. Kevin Spencer**
Southern District of Texas No. 3889335
Texas Bar Card No. 00786254
kevin@dallasprobate.com
**Zachary E. Johnson**
Southern District of Texas No. 3889304
Texas Bar Card No. 24063978
zach@dallasprobate.com

500 N. Akard Street, Suite 2150
Dallas, Texas 75201
(214) 965-9999
(214) 965-9500 – Fax

**ATTORNEYS FOR MEL KLEIN**

## CERTIFICATE OF SERVICE

I hereby certify that on this **30th** day of **August 2024**, I caused the foregoing to be filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ R. Kevin Spencer*
One of Counsel

17