United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELVIN KLEIN, | § § § | |
| Plaintiff, | § | |
| V. | § § | CIVIL ACTION NO. 2:24-CV-00157 |
| EUGENE KATZ, | § § § | |
| Defendant. | § § | |

## ORDER GRANTING REMAND

Plaintiff originally brought probate claims in Texas state court, seeking a declaration of heirship and the annulment of Defendant's marriage. (D.E. 1-3, p. 2–10). Plaintiff later added non-probate claims to his action. (D.E. 1-1). At that point, Defendant removed the case to this Court under 28 U.S.C. §§ 1441(a) and 1446. (D.E. 1, p. 1–5). Before the Court is Plaintiff's motion to remand. (D.E. 11). Plaintiff contends that the Court lacks subject matter jurisdiction to hear the entire case because some of his claims fall within the probate exception. *Id.* at 6. In response, Defendant urges the Court to sever and remand only those claims over which it has no jurisdiction. (D.E. 14, p. 4). In his reply, Plaintiff argues that the sever-and-remand procedure of 28 U.S.C. § 1441(c) is not available to the Court in diversity cases. (D.E. 16, p. 1–2). The Court agrees with the latter view. Accordingly, the Court **GRANTS** Plaintiff's motion to remand. (D.E. 11). Further, the Court **DENIES as moot** Third-Party Plaintiff's motion to sever and remand. (D.E. 18).

### I. Background

In May 2023, Defendant married Jacqueline Anne Klein ("Decedent"). (D.E. 1-1, p. 7). They resided together in Illinois until Decedent's death in February 2024. (D.E. 14, p. 2). Decedent's estate was opened soon after when her father applied for a declaration of heirship in

Texas state court. (D.E. 1-3, p. 2–6). Through May of that year, Decedent's parents, both citizens of Texas, filed various applications in state court, *id.* at 8–10, 28–34, 21–26, as did Defendant, *id.* at 11–17, 18–20, 36–40. The parties agree that, up to that point, all claims fell under the probate exception to federal subject matter jurisdiction and, thus, properly belonged in state court. (D.E. 14, p. 3).

But on June 24, 2024, Decedent's father, Plaintiff Melvyn Klein, filed his Original Petition, (D.E. 1-1), bringing claims on behalf of both himself and Decedent's estate. (D.E. 14, p. 2–3). At that point, part of Plaintiff's action moved outside the scope of the probate exception.[1] *See id.* Defendant thus removed the entire case under 28 U.S.C. §§ 1332, 1441, and 1446. (D.E. 1).

Plaintiff subsequently moved to remand. (D.E. 11).[2] Plaintiff argues that, having no jurisdiction over claims preceding the Original Petition, the Court must remand the entire case. *Id.* at 12. This is so, Plaintiff argues, because the Court lacks authority to sever and remand in diversity cases. *Id.* Defendant responds by arguing that Supreme Court precedent does, in fact, grant such authority. *See* (D.E. 14, p. 4).

## II. Applicable Law

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (first citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–137 (1992); and then citing *Bender*

---

[1] The parties disagree over precisely which claims fall within the probate exception to the Court's diversity jurisdiction. However, the parties agree that at least some of Plaintiff's claims—those preceding the Original Petition—are subject to the probate exception. (D.E. 14, p. 3; D.E. 16, p. 2). The parties likewise agree that at least some claims—those asserted on Plaintiff's own behalf—are not. (D.E. 14, p. 3); *see* (D.E. 11, p. 10–11); October 15, 2024 Minute Entry. It is sufficient for purposes of remand that there are at least some nonremovable claims. Accordingly, the Court need not decide precisely which claims fall within the probate exception.

[2] Decedent's mother, Third-Party Plaintiff Annette Klein, joins in support of Plaintiff's motion to remand under Federal Rule of Civil Procedure 10(c). (D.E. 13).

*v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Two statutes grant federal district courts the power of original jurisdiction: Districts courts have jurisdiction to hear civil actions (1) arising under federal law, 28 U.S.C. § 1331, or (2) between citizens of different states where the amount in controversy exceeds $75,000 in value, 28 U.S.C. § 1332.

But the Supreme Court has long "recognized a 'probate exception[]' . . . to otherwise proper federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (first citing *Markham v. Allen*, 326 U.S. 490, 494 (1946); then citing *Sutton v. Eng.*, 246 U.S. 199 (1918); and then citing *Waterman v. Canal–La. Bank & Tr. Co.*, 215 U.S. 33 (1909)). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate[.]" *Id.* at 311.

### B. Removal Jurisdiction

When a plaintiff brings a civil action in state court, the defendant may remove the action to a district court having original jurisdiction. 28 U.S.C. § 1441(a). The defendant must file a notice of removal within thirty days. *Id.* § 1446(b). But if the case is initially non-removable, the thirty-day clock starts when the action becomes removable. *Id.* § 1446(b)(3). Removal is effective immediately upon notice. *Id.* § 1446(d). Importantly, "'any civil action' generally refers to an entire case and § 1441(a), therefore, applies to the removal of a case as a whole." *Escobedo v. Time Warner Ent. Advance Newhouse P'ship*, 811 F. Supp. 2d 1289, 1292 (W.D. Tex. 2011) (Briones, J.) (citing *Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 WL 1138473, at *4 (S.D. Ohio Apr. 16, 2007) (Dlott, J.)). Accordingly, district courts may receive cases with multiple claims, some of which are removable, and some of which are not. *See id.* at 1292–93 (addressing situation in which removed case contained non-removable claim).

### C. Remand Procedure

Upon removal, the receiving district court must remand if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). However, the remand analysis changes when a civil action includes "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute[.]" *Id.* § 1441(c)(1). In such a case, "the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." *Id.* After removal, "the district court shall sever from the action all claims [over which it does not have original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed." *Id.* § 1441(c)(2). There is no analogous statute for severing and remanding claims when the district court exercises diversity jurisdiction under section 1332.

Because removal raises significant federalism concerns by creating the potential for federal courts to overstep their limited jurisdiction, "any doubt as to the propriety of removal should be resolved in favor of remand." *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)). Further, "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (first citing *Kokkonen*, 511 U.S. at 377 (1994); and then citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). But where removal was proper, the federal court must hear the case. *See Marshall*, 547 U.S. at 298–99 ("[Courts] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." (quoting *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821))).

### III. Arguments

As an initial matter, Plaintiff argues that Defendant waived his "right to removal by taking substantial action in state court." (D.E. 11, p. 13–14). In response, Defendant cites 28 U.S.C § 1446(b)(3), arguing that "the waiver issue turns on what actions the defendant takes *once the case becomes removable*." (D.E. 14, p. 15) (citing *Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 747, 752 (S.D. Tex. 2012) (Hanen, J.).

Alternatively, Plaintiff argues that the Court must remand even if Defendant did not waive his right to remove. (D.E. 11, p. 12). The parties debate whether the Court may sever and remand the claims subject to the probate exception. Defendant says 'yes,' primarily relying on *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998). (D.E. 14, p. 4). According to Defendant, *Schacht* rejects the argument "that, if the 'district court lacks subject matter jurisdiction' over *any* claim, then *every* claim . . . must be 'remanded' to the state court." *Id.* (citing *Schacht*, 524 U.S. at 391).

Plaintiff replies that Defendant takes *Schacht* out of context. *See* (D.E. 16, p. 3). Specifically, "Defendant incorrectly conflates federal question and diversity jurisdiction and treats them the same for purposes of remand[.]" *Id.* So, Plaintiff argues, *Schacht* offers no guidance. *Id.* at 3–4. Plaintiff instead redirects the Court's attention to 28 U.S.C. § 1441(c), which he argues applies only to federal questions. *Id.* Plaintiff further argues that a 1990 statutory change to section 1441(c) affirmatively "tak[es] diversity removal out of the 'sever and remand' realm." *Id.* at 3.

Plaintiff also requests attorney fees. (D.E. 11, p. 15–16). Plaintiff argues that requiring Defendant to pay attorney fees is warranted because Defendant lacked an objectively reasonable basis to remove the claims that clearly fall within the probate exception. *Id.* at 15. Defendant responds that his sever-and-remand argument is objectively reasonable, as there is no dispute that

some of Plaintiff's claims do not fall within the probate exception. (D.E. 14, p. 16). Accordingly, Defendant requests that the Court deny Plaintiff's request for attorney fees. *Id.*

## IV. Analysis

### A. Defendant did not waive his right to removal.

Plaintiff claims that, by seeking affirmative relief on the claims pending in the probate matter before the Original Petition was filed, Defendant waived his right to removal. (D.E. 11, p. 3) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986) ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."), *superseded by statute on other grounds*, Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (amending 28 U.S.C. § 1446 to add later-served-defendants rule)). But the plain text of 28 U.S.C § 1446(b)(3) rebuts Plaintiff's waiver argument: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after . . . the case . . . has become removable." 28 U.S.C. § 1446(b)(3). Under this statute, a defendant's actions in state court *before* the case became removable cannot bar his right to removal. *See Pena*, 32 F. Supp. 3d at 752 (first quoting *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 889–90 (S.D. Tex. 2003); and then citing *Jacko v. Thorn Ams., Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000)). Thus, Defendant did not waive his right to removal.

### B. The Court lacks authority to sever and remand in diversity cases.

In the alternative, Plaintiff argues that even if Defendant did not waive his right to remove, the sever-and-remand procedure he advances is inapplicable in diversity cases. Because Congress authorized the sever-and-remand procedure only in federal question cases, and because Supreme

Court and Fifth Circuit precedent does not support extending the sever-and-remand procedure to diversity cases, the Court agrees with Plaintiff that it must remand the case in its entirety.

### *i. Section 1441(c) authorizes sever and remand only in federal question cases.*

Section 1441(c)(1) authorizes the removal of an entire action that includes (A) a claim arising under federal law and (B) a claim not within the jurisdiction of the district court. 28 U.S.C. § 1441(c)(1). Then, "the district court shall sever from the action all claims [not within the court's original or supplemental jurisdiction] and shall remand the severed claims to the State court from which the action was removed." *Id.* § 1441(c)(2). The statute explicitly cabins the sever-and-remand approach to federal question cases by limiting its applicability to claims "within the meaning of section 1331 of this title." *Id.* § 1441(c)(1)(A). So, section 1441(c)'s plain text authorizes (and indeed requires) district courts to sever and remand only in federal question cases, because the statute makes no mention of diversity cases. *See Jackson v. Wal-Mart Stores Tex., LLC*, 925 F. Supp. 2d 810, 814 (N.D. Tex. 2013) (Godbey, J.) ("Nowhere, however, does the statute grant a court authority to sever and remove . . . [when] the defendant removed the case on *diversity* grounds."). "If Congress had wanted to grant the power to sever and remand otherwise nonremovable claims in diversity cases, it could have done so. In fact, a previous version of the same statute did grant such authority[.]"[3] *Id.* However, in its 1990 amendment to section 1441(c), Congress affirmatively "eliminate[d] the statute's application to diversity cases." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3722.3 (Rev. 4th Ed. 2024)

---

[3] The previous version of the statute read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Title 28, U.S. Code Codification and Enactment into Law, Pub. L. No. 773, c. 646, 62 Stat. 869, 938 (1948).

(citing House Rep. No. 101-734, 101st Cong., 2d Sess. (1990)). Because the current version of the statute does not grant the Court authority to sever and remand the present case, the Court cannot do so.

> *ii.* Schacht *likewise supports sever and remand only in federal question cases.*

Defendant's reliance on *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998), is unavailing. There, the question before the Court was "whether defendants in a case filed in a state court, with claims 'arising under' federal law, can remove that case to federal court—where some claims, made against a State, are subject to an Eleventh Amendment bar." *Id.* at 383. In fact, the *Schacht* Court specifically noted: "This case differs significantly from a diversity case with respect to a federal district court's *original* jurisdiction."[4] *Id.* at 388–89 (emphasis in original). Therefore, *Schacht* does no more work than does section 1441(c) independently. Without guidance from the Supreme Court, this Court turns to circuit caselaw.

This is an issue of first impression in the Fifth Circuit. But in cases "where one claim is nonremovable and the other arises solely under our diversity jurisdiction," most federal judges read section 1441(c) to require remand. *See Fletcher v. United Ground Express, Inc.*, No. 23-CV-100005, 2023 WL 4420351, at *3 (S.D. Fla. July 10, 2023) (Altman, J.) (collecting cases). And in cases finding otherwise, the deciding courts did not discuss section 1441(c) when severing and remanding. *See, e.g., Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001); *Climer v. Twin City Fire Ins. Co.*, No. 204CV0552G, 2004 WL 1531796 (N.D. Tex. July 8, 2004) (Fish, C.J.).

---

[4] The Court found this in part because the Eleventh Amendment grants the state the power to assert a sovereign immunity defense—a power that can be waived, unlike the diversity requirement. *See Schacht*, 524 U.S. at 389. Because the probate exception cannot be waived, *see Marshall*, at 547 U.S. at 311–12, the *Schacht* Court's distinction does not exactly map onto the present case. Still, the fact that the Court differentiated the situation it faced from a case removed on the basis of diversity jurisdiction is enough to dispose of Defendant's arguments relying on *Schacht*.

In sum, Congress granted federal district courts the power to sever and remand only in federal question cases. Finding no affirmative statutory grant of power in the present diversity case, and resolving any doubts in favor of the party seeking remand, *Gutierrez*, 543 F.3d at 251, the Court rejects Defendant's argument. Accordingly, the Court declines to sever and remand the probate claims. Instead, the Court remands the entire case.

### C. The Court will not award attorney fees.

When a court grants a plaintiff's motion to remand, the court may require the removing party to pay attorney fees incurred as a result of the wrongful removal. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (first citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); and then citing *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). "A district court has discretion to award fees." *See Jackson*, 925 F. Supp. 2d at 814 (citing *Valdes*, 199 F.3d at 292).

Plaintiff argues Defendant lacked an objectively reasonable basis to remove claims that clearly fall within the probate exception. (D.E. 11, p. 15–16). But as Defendant correctly points out, there was an objectively reasonable basis for removing at least some of the claims. *See* (D.E. 14, p. 16–17). And as Plaintiff himself concedes, removal of "any civil action" means removal of the entire case. (D.E. 11, p. 5–7). Moreover, even courts declining to sever and remand in diversity cases have not granted attorney fees, finding defendants' sever-and-remand position objectively reasonable. *See, e.g., Jackson*, 925 F. Supp. 2d at 815 (recognizing lack of controlling Fifth Circuit precedent when declining to award attorney fees); *Carey v. Bank of Am., N.A.*, 904 F.

Supp. 2d 617, 621 (N.D. Tex. 2012) (Boyle, J.). Likewise, the Court finds Defendant's position objectively reasonable. So, the Court denies Plaintiff's request for attorney fees. (D.E. 11, p. 15–16).

## V. Conclusion

For the above reasons, the Court **GRANTS** Plaintiff's motion to remand, (D.E. 11), **REMANDS** this matter to the County Court at Law No. 1 of Nueces County, Texas, and **DENIES** Plaintiff's request for attorney fees, (D.E. 11, p. 15–16). Finally, the Court **DENIES as moot** Third-Party Plaintiff's Motion to Sever and Remand. (D.E. 18).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 3rd, 2025